IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MELISSA CUMMINS,**

    **Petitioner,**

**v.**                                                  **Civil Action No. 1:20cv151**
                                                                    **(Judge Kleeh)**

**WARDEN P. ADAMS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

This case was initiated by the *pro se* petitioner, an inmate at Hazelton Secure Female Facility in Bruceton Mills, West Virginia by the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. With her petition, Cummins filed a motion to proceed as a pauper and a copy of her Prisoner Trust Account Report with its Ledger Sheets.

This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### I. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D. W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.

W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).  Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile.  See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion.  See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998).  In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ;  (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted her administrative remedies and admits that she has not done so.  ECF No. 1 at 7 – 8. In addition, she does not argue that doing so would be futile.

Exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area.  See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).  Moreover, the record now before this Court is devoid of the necessary facts

by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of her claims within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

In the petition, Cummins raises claims about the conditions of her confinement during the COVID-19 pandemic and is seeking a compassionate release due to the same. She alleges that because of the social distancing restrictions engendered by COVID-19, programming that would otherwise make her eligible for early release to a halfway house is no longer available. She complains about the difficulties associated with being incarcerated 800 miles away from her family; being separated from her three children, who are being cared for by her 61-year-old mother who has chronic obstructive pulmonary disease ("COPD"); and the "unlawful" risks of an individual such as herself with mild asthma and hypothyroidism being exposed to the coronavirus in a confined area where many others refuse to wear masks. She also alleges that her incarceration under these circumstances has had a deleterious effect on her mental well-being. See ECF No. 1 at 5 – 7. As relief, she seeks "a sentence reduction" or "immediate release." Id. at 8.

While a prisoner may request compassionate release for "extraordinary and compelling reasons," such a request must first be presented to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the request or fails to respond within 30 days, a prisoner may seek relief directly with the district court. days. Although Cummins cites concerns relating to the

threat of COVID-19 as a partial justification for her release, the current pandemic does not excuse noncompliance with § 3582(c)(1)(A)'s exhaustion requirement. United States v. Raia, No. 20-1033, 2020 WL 1647922 at *2 (3rd Cir. Apr. 2, 2020).

Further, even if Petitioner had administratively exhausted her request for compassionate release with the BOP before filing this case, this Court would be unable to grant Petitioner's request, because it is without jurisdiction to do so; courts in this Circuit and elsewhere have consistently found that such a request must instead be brought in the sentencing court. See, e.g., Robinson v. Wilson, 2017 WL 5586981, at *5 (S.D. W.Va. Sept. 26, 2017) (Eifert, M.J.) ("Like a § 2255 motion, a § 3582 motion must be filed in the movant's underlying criminal action and be addressed by the sentencing court."), *report and recommendation adopted*, 2017 WL 5586272 (S.D. W.Va. Nov. 20, 2017) (Faber, J.); Deffenbaugh v. Sullivan, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (Flanagan, J.) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court."); Allah v. Fed. Bureau of Prisons Dir., 2016 WL 5868093, at *4 (D.S.C. Sept. 12, 2016) (Marchant, M.J.) (same) (collecting cases), *report and recommendation adopted*, 2016 WL 5851936 (D.S.C. Oct. 6, 2016) (Hendricks, J.); Himmel v. Upton, 2019 WL 1112923, at *2 n.6 (N.D. Tex. Mar. 11, 2019) ("[A]ny motion for compassionate release under the newly amended provision of 18 U.S.C. § 3582(c)(1)(A) should be filed in the sentencing court."); Braswell v. Gallegos, 82 F. App'x 633, 635 (10th Cir. 2003) ("Because a motion filed under § 3582 requests modification of a sentence, it follows that such a motion must be filed in the district court which imposed the sentence.").

Thus, because petitioner was sentenced in the Western District of Missouri (Case No. 4:16cr210-8), if she wishes to have a court review her compassionate release request, she must

4

first exhaust her administrative remedies with the BOP and if unsuccessful, then file a § 3582 motion in the Western District of Missouri.

## II. Recommendation

For the foregoing reasons, the undersigned recommends that: (1) the petition [ECF No. 1] be **DISMISSED without prejudice** for the failure to exhaust administrative remedies; (2) and Petitioner's pending motion to proceed as a pauper be **DENIED as moot**.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of** *de novo* **review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

<u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

DATED: August 5, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE